IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

VANESSA RAY,

                           Plaintiff,                    Case No. 3:09 CV 40072

        -vs-

                                          <u>MEMORANDUM  OPINION</u>

JOHNSON & JOHNSON,

                         Defendant.

KATZ, J.

      This matter is before the Court on Defendants' unopposed motion for dismissal on the basis of forum non conveniens.  While the Plaintiff is *pro se*[1], Defendants' certificate of service indicates they sent her a copy of their motion via certified mail.  As the matter is ripe for adjudication, for the reasons that follow, Defendants' motion is well taken.

**BRIEF BACKGROUND**

      Plaintiff Vanessa Ray ("Ray") alleges she used the Ortho Evra® patch between December 2008 and January 2009, before developing "extensive deep vein thrombosis" as well as a "blood clot" attributable to her use of the patch.  Ray filed her complaint in December 2009.

      In May 2010, Ray submitted her Plaintiff Fact Sheet ("PFS"), medical records and medical authorizations to Defendants.  Callsen Affid. at ¶3.  Per her PFS, Defendants contend she was a resident of Alberta, Canada at all times relating to the claims in her complaint.  *Id*. at ¶ 4. An affidavit by an senior manager of a Johnson & Johnson subsidiary avers that Ortho Evra® is

---

[1]

 Plaintiff was represented by counsel until the Court granted her attorneys' motion for withdrawal on October 5, 2011.  (Doc. No. 6.)  In that order, the Court requested and plaintiffs' counsel filed a notice of compliance indicating they mailed a copy of the Order to Plaintiff.  (Doc. No. 7.)  The Order also granted Plaintiff additional time to secure new counsel or advise the Court she wished to represent herself.

not available for prescription use or sold in Canada. Wright Affid. at ¶ 2. Additionally, Defendants contend that "[t]he prescription birth control product Evra is manufactured by a company in Germany and marked for use in Canada. It is the bioequivalent to the product made and available for prescription use in the United States, Ortho Evra." *Id.* at ¶3.

In August 2011, Defendants sent Ray a letter requesting dismissal of this action based upon use of a product not sold or produced in the United States. On November 4, 2011, Defendants filed the instant motion.

## MOTION TO DISMISS

### A.  Applicable Legal Standard

In the Sixth Circuit "dismissal on *forum non conveniens* grounds is appropriate when the defendant establishes, first, that the claim can be heard in an available and adequate forum." *Duha v. Agrium, Inc.*, 448 F.3d 867, 873 (6th Cir. 2006) (citations omitted). "Ordinarily, this requirement will be satisfied when the defendant is 'amenable to process' in the other jurisdiction." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 254 n22 (1981) (quoting *Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 506-7 (1947)). In addition to such availability, Defendant must show the adequacy of the alternative forum by showing that the dispute may be litigated in that forum and that the forum's remedies are not "clearly unsatisfactory" or "no remedy at all." *Id.*; *Wong v. Partygaming LTD*, 589 F3d. 821, 831-32 (6th Cir. 2009) (citing *Id.*). Public and Private interests are only balanced after the alternative forum has been established. *Stewart v. Dow Chemical Co.*, 865 F.2d 103, 106 (6th Cir. 1989) (quoting *Dowling v. Richardson-Merrell, Inc.*, 727 F.2d 608, 612 (6th Cir. 1984). The trial court must address the appropriate degree of deference due to a plaintiff's forum selection. *Zions First Nat'l Bank v. Moto Diesel Mexicana, S.A. de C.V.*, 629 F.3d 520, 525 (6th Cir. 2010).

The Court now turns to discuss the relevant factors.

*B. Discussion*

With regard to the existence of an adequate forum, the Defendants contend Canada is an adequate and available forum. Defendants Johnson & Johnson, Johnson & Johnson Research & Development, L.L.C. and JPI agree to accept service of process in lawsuits re-filed in Canada contingent upon the suit being filed within ninety days of this Court's dismissal. As those Defendants are amenable to service in Canada, this requirement is satisfied. *Wong v. Partygaming LTD*, 589 F.3d at 830. (Citation omitted.) *See also Estate of Thomas v. Toyota Motor Corp. Worldwide,* 545 F.3d 357, 365 (6th Cir. 2008) (where corporate entities are amenable to service in alternative forum, an adequate forum exists).

An inadequate forum is found where the "alternative forum does not permit litigation of the subject matter in dispute." *Piper Aircraft v. Reno* 454 U.S. at 254, n.22. Under the Alberta Rules of Court and Judicature Act, claims for personal injury as well as damages are recoverable under Canadian law. Additionally, other courts, including those of this Circuit, have deemed Canada to be an adequate forum in pursuing personal injury claims. *Stewart v. Dow Chemical*, 865 103 (6th Cir. 1989); *In re Vioxx Product Liability Litigation* (MDL 1657) 2009 WL 163244 (E.D. La. 2009).

Therefore, in the absence of any objection, the Court finds Canada to be an adequate forum.

A plaintiff's choice of forum is normally accorded deference when it is the home forum. *Piper*, 454 U.S. at 266. "When the plaintiff is foreign, however, this assumption is much less reasonable. Because the central purpose of any *forum non conveniens* inquiry is to ensure that the trial is convenient, a foreign plaintiff's choice deserves less deference." *Id.*

3

As Plaintiff is Canadian her choice of forum is accorded less weight for purpose of this analysis. However, the Court must still consider balancing the private and public interest factors and the Defendants must demonstrate that the balance of conveniences favors trial in the foreign forum.

Turning to the balance of relevant private and public interest factors, the Court first turns to the private factors.

The Supreme Court in *Gulf Oil v. Gilbert*, characterized the private interest of the litigants as follows:

> [R]elative ease of access to sources of proof; availability of compulsory process for attendance of unwilling, and the cost of obtaining attendance of willing, witnesses; possibility of view of premises, if view would be appropriate to the action; and all other practical problems that make trial of a case easy, expeditious and inexpensive.

330 U.S. at 508.

In this case, the Defendants contend the majority of evidence to be in Canada. Plaintiff, her physician, as well as her medical records are all located in Canada. As to the availability of compulsory process and cost of obtaining attendance of willing witnesses, there is no ability to compel witnesses who reside in Canada to appear in United States. *See Baumgart v. Fairchild Aircraft Corp.*, 981 F.2d 824 (5th Cir. 1993). Moreover, the Defendants have consented to service in Canada if this action is dismissed and re-filed in Canada. These factors weigh in favor of dismissal.

The other practical considerations attendant to a trial in Canada weigh in favor of dismissal. For example, assuming documentary evidence and witnesses from Canada are made available for trial here, it would certainly increase the costs and length of trial for both sides. *Id.* On balance,

4

the Court finds the private interest factors support dismissal. *See Dowling*, 727 F.2d 608 (6th Cir. 1983).

In considering the public interest factors, the Court in *Gilbert* also considered factors related to the public interest as including administrative difficulties for courts; the local interest in having localized controversies decided in the home forum; imposition of jury duty on citizens of a forum that is unrelated to the subject of the litigation; the avoidance of unnecessary problems in conflicts of law or in the application of foreign law. *Gilbert*, 330 U.S. at 508-509.

Applying those factors here, it is clear that the interest of Canada is paramount to that of the United States in this particular case. Even though the product at issue, EVRA, was produced and manufactured outside of Canada, it does not diminish that country's interest:

> The forum whose market consumes the product must make its own determination as to the levels of safety and care required. That forum has a distinctive interest in explicating the controlling standards of behavior, and in enforcing its regulatory scheme. The standards of conduct implemented, and the level of damages assessed, will reflect the unique balance struck between the benefit each market derives from the product's use and the risks associated with that use; between the community's particular need for the product and its desire to protect its citizens from what it deems unreasonable risk.

*Doe v. Hyland Therapuetics Div.* 807 F.Supp. 1117, 1129 (S.D. N.Y. 1992).

Additionally, the application of foreign law, namely the law of Canada, is a factor in favor, although not dispositive, of dismissal. *In re Air Crash*, 331 F.Supp. at 1211. Here, this case would be transferred to the District of New Jersey and the judge therein would be required to apply law of a foreign country and instruct jurors on the applicable Canadian law, a factor which weighs in favor of dismissal.

5

The imposition of jury duty upon citizens who have no relation to the litigation also weighs in favor of the Defendants.  *In re Factor VIII or IX Concentrate Blood Products Litigation*, 484 F.3d 951, 959 (7th Cir. 2007).

### CONCLUSION

Having considered the relevant factors on the issue of Defendants' *forum non conveniens* motion, the Court finds they cumulatively weigh in favor of dismissal.  Accordingly, Defendants' motion for dismissal (Doc. No. 8) is granted and this case is dismissed.   The Clerk is instructed to mail a copy of this Order and Judgment to Vanessa Ray, 11486-139 Avenue, Edmonton, Alberta, Canada T5X 3L4.

IT IS SO ORDERED.

     *s/ David A. Katz*     
DAVID A. KATZ
U. S. DISTRICT JUDGE

6